### FLANNERY *v.* VAN TASSEL.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. FRAUDULENT CONVEYANCES—CHANGE OF POSSESSION.

After the sale of a stock of goods in a store, and several horses and wagons, made at a meeting, in the street, of the vendor and the purchaser, the latter, being compelled to leave the place, sent his lawyer to the store, who took possession in his name, notifying the vendor's clerks of the sale. The purchaser himself entered the store in the afternoon of the same day, discharged several clerks, and remained in possession for two days, when the goods were attached by the sheriff as the property of the vendor. *Held,* that there was sufficient evidence of an actual change of possession to sustain the sale as against the vendor's creditors.

2. SAME—CONSIDERATION.

A village treasurer, being short in his account with the village, transferred the stock of goods in his grocery store, and several horses and wagons, to plaintiff, who was surety on his treasurer's bond and indorser on several of his notes, in consideration that plaintiff would pay this shortage and the notes, which plaintiff subsequently did, paying an amount exceeding the value of the chattels transferred. *Held,* that the consideration was sufficient to sustain the transfer as against existing creditors of the vendor.

Appeal from circuit court, Dutchess county.

Action by John Flannery against J. Wesley Van Tassel, sheriff of Dutchess county, for an alleged wrongful attachment. Plaintiff was surety on the bond of Edward McManus, treasurer of the village of Fishkill Landing, and indorser on several of his notes. McManus, being short in his account with the village, and hard pressed by his creditors, having met plaintiff in the street, agreed, in order to protect plaintiff, to sell him a stock of goods in Mc-Manus' grocery store, a number of book-accounts, and several horses and wagons, in consideration that plaintiff would pay this shortage and the notes. Plaintiff did not immediately take possession of the chattels, but, being compelled to leave the village, sent his lawyer, who took possession in his name, and notified McManus' clerks of the sale. Plaintiff himself took possession in the afternoon of the same day, and discharged several clerks, and those that remained understood that they were working for him. He remained in possession for two days, when the goods, etc., were seized by defendant under an attachment obtained by existing creditors of McManus, and were sold. The bill of sale given to plaintiff was never filed. Plaintiff paid the shortage and the notes, which amounted to a sum exceeding the value of the goods, etc. There was a verdict for plaintiff; and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals. Affirmed. For former report, see 9 N. Y. Supp. 871.

Argued before DYKMAN and PRATT, JJ.

*Grant B. Taylor,* (*Howard Thornton,* of counsel,) for appellant. *H. H. Hustis,* for respondent.

PRATT, J. There was ample evidence of an actual change of possession of the chattels, and it appeared that a good consideration existed for the transfer. Plaintiff has actually paid out upwards of $1,500 on account of his liability for McManus. Whether he could be held to account for any excess of the proceeds of the goods over the debt is not now important; for the recovery is far below the consideration plaintiff was compelled to pay. There are no valid exceptions, and we are satisfied with the verdict. Judgment affirmed, with costs.